UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-61780-CIV-MORENO

HYPOWER, INC.,

    Plaintiff,

vs.

PANASONIC CORPORATION OF NORTH
AMERICA, and PANASONIC ENTERPRISE
SOLUTIONS COMPANY,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS AND ORDER GRANTING MOTION TO STAY

THIS CAUSE came before the Court upon the Defendants' Motion to Dismiss Complaint, or Alternatively, Motion to Stay Proceedings Pending Mediation **(D.E. 8)**, filed on **August 23, 2018**.

THE COURT has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises. For the following reasons, it is

**ADJUDGED** that the Defendants' Motion to Dismiss is **DENIED**, and the Defendants' Motion to Stay Proceedings Pending Mediation is **GRANTED**.

"It is well settled that the actual language used in the contract is the best evidence of the intent of the parties and, thus, the plain meaning of that language controls." *Rose v. M/V "GULF STREAM FALCON"*, 186 F.3d 1345, 1350 (11th Cir. 1999) (citing *Green v. Life & Health of America*, 704 So.2d 1386, 1391 (Fla. 1998)). Here, the plain meaning of the Parties' subcontract compels the Court to stay these proceedings pending mediation. The Parties' moving papers agree with this result.

Article 6 of the Parties' subcontract governs mediation and binding dispute resolution. Relevant here, § 6.1.1 provides that "[a]ny claim arising out of or related to this Subcontract . . . *shall be subject to mediation as a condition precedent to binding dispute resolution.*" § 6.2 establishes "[l]itigation in a court of competent jurisdiction" as the Parties' desired form of binding dispute resolution. Thus, the Parties agreed that mediation was a condition precedent to litigating disputes arising out of the subcontract. The Parties also agreed in § 6.1.2 that a request for mediation "*may be made concurrently* with the filing of binding dispute resolution proceedings" and that "in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by . . . court order."

The Defendants argue in their Motion to Dismiss that the mediation condition precedent requirement in § 6.1.1 requires the Court to dismiss this case. But "[w]hen general propositions in a contract are qualified by the specific provisions, the rule of construction is that the specific provisions in the agreement control." *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1421 (11th Cir. 1990). Here, the general proposition that mediation is a condition precedent to litigation in § 6.1.1 is qualified by the specific provision in § 6.1.2 that permits concurrent filing of mediation and litigation. Because the "concurrent filing" clause in § 6.1.2 is permissive, not mandatory—"[t]he request *may* be made concurrently"—the subcontract permits the Plaintiff to file a Complaint and later request mediation, so long as "mediation . . . proceed[s] in advance of binding dispute resolution proceedings." Contrary to the Defendants' suggestion, the subcontract does not require that mediation be requested before, or simulatenous to, commencing litigation. Instead, what is mandatory is that claims "*shall* be subject to mediation as a condition precedent to binding dispute resolution." Thus, the subcontract's only requirement is that

2

mediation be completed prior to litigation—and mediation has commenced here, as the American Arbitration Association responded to the Plaintiff's mediation request on August 17, 2018. Consequently, the Court must stay this action pending completion of mediation in order to effectuate the Parties' agreement in the subcontract.

Furthermore, the Parties agree with this result in their moving papers. The Defendants argue in the alternative that the Court should "stay this action for a period of 60 days—and require that mediation be completed in that time—as the parties *agreed* to under the Agreement." The Plaintiff responds in agreement, requesting that the Court "grant Defendants' alternative motion to stay . . . based on the express agreement of the parties to stay any action for 60 days." Therefore, it is

    **ADJUDGED** as follows:

(1) The Defendants' Motion to Dismiss is DENIED;

(2) The Defendants' Motion to Stay Proceedings Pending Mediation is GRANTED such that the Clerk of Court shall close this cause for statistical purposes and place the matter in civil suspense. The Court shall retain jurisdiction and the case shall be restored to the active docket upon motion by a party if circumstances change such that this action may proceed to final disposition; and

(3) The Plaintiff must notify the Court of the current status of the proceedings every sixty (60) days after entry of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 10 of October 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

3

Copies furnished to:

Counsel of Record